UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Gaither, # 51168-056,<br><br>        Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>        Defendant. | C/A No. 6:11-CV-1051-RMG-KFM<br><br>**Report and Recommendation** |

This is a civil action filed *pro se* by a federal prison inmate.[1]  Plaintiff is currently incarcerated at FCI-Forrest City Medium in Forrest City, Arkansas.  He filed his Complaint in the United States District Court for the Eastern District of North Carolina, and that court transferred the case to this court, determining that venue was proper here.  (ECF No. 3). Plaintiff alleges that while housed at FCI-Edgefield in Edgefield, South Carolina, his criminal record from North Carolina was improperly recorded, resulting in his classification at a more restrictive security level and his transfer to a federal prison farther away from his home.  Under established procedure, this Court has conducted its own initial review of Plaintiff's *pro se* Compliant, resulting in the preparation of this Report and Recommendation for summary dismissal.

    Plaintiff is serving a 111-month sentence for felony drug and firearm convictions. (*see* compl., ex. B).  He brings this case under the Federal Torts Claim Act (FTCA), alleging negligence and claiming that he was the victim of "misrepresentation and deceit."

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

He alleges that a supervisory attorney with the Bureau of Prisons (BOP) and a United States Probation Officer claimed that an entry on his record for escape was correct and that they had contacted the North Carolina court (Guillford County) for confirmation. Plaintiff alleges that his own attorney contacted the same court and received information that he was never convicted of escape and that BOP staff knew this but still refused to change his records. According to Plaintiff, they instead engaged in "cover-up, breach of fiduciary obligation, and *misrepresentation* by their acts of *deceit*." (ECF No. 1, Compl. 8)(emphasis added). He claims that when he complained to the BOP staff at Edgefield, they failed to correct his records and subsequently transferred him to FCI-Forrest City, farther away from his home.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the

Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

## **LEGAL ANALYSIS**

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The bar of sovereign immunity cannot be avoided by naming officers or employees of the United States as defendants because, assuming those officers/employees are sued in their official capacity, they are, essentially, performing the responsibilities of the United States itself and thus are entitled to immunity as well. *See Gilbert v. Da Grossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). *Cf. Hawaii v. Gordon*, 373 U.S. 57, 58 (1963). One of the few areas in which the United States government has waived its sovereign immunity is in the area of personal injuries allegedly caused by government officials or employees. Under specific and limited circumstances, an injured party may sue the United States for damages alleged caused by an agency such as the BOP[2] or by federal employees such as the BOP supervisory attorney or the federal probation officer in North Carolina pursuant to the FTCA.

While the FTCA authorizes certain causes of action, it also contains exceptions, two of which preclude Plaintiff from proceeding with the claims herein. Section 2680(c)

---

[2] Suit under the FTCA lies only against the United States. The BOP is encompassed in the broad definition of a federal agency under the FTCA, *see* 28 U.S.C. § 2671, and may not be sued directly on claims brought under 28 U.S.C. § 1346(b). Rather, it is expressly provided that "(t)he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title . . . ." 28 U.S.C. § 2679(a).

3

provides the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation, deceit,* or interference with contract rights . . . ." (Emphasis added). Thus, to the extent that Plaintiff is alleging an intentional tort of "misrepresentation and deceit," there is no viable FTCA claim stated. 28 U.S.C. § 2680(h). Moreover, his negligence claim should be dismissed because Plaintiff has failed to allege physical injuries resulting from the purported classification error. See 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."). *Rogers v. United States*, 696 F. Supp. 2d 472, 504 (W.D. Pa. 2010) (dismissing FTCA claim because plaintiffs did not allege physical injuries); *Ajaj v. United States*, 479 F. Supp. 2d 501, 550 (D.S.C. 2007) (finding that the plaintiff's placement in the Special Housing Unit, standing alone, was not an injury as required to support a claim under the FTCA).

Finally, to the extent that Plaintiff's allegations could be liberally construed as a *Bivens* claim[3], no viable claim is stated because Plaintiff does not allege a violation of any federal constitutional, statutory, or treatise provision, and he does not name as a defendant any person who might be liable under the *Bivens* Doctrine. *See Hall v. Clinton*, 235 F. 3d

---

[3]*See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988).

4

202, 204-05 (4th Cir. 2000).   In order to state a claim for relief under 42 U.S.C. § 1983 or the *Bivens* Doctrine where federal actors are concerned, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally*  5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002).  It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."  Neither the United States or an agency thereof (such as the BOP) is a proper *Bivens* defendant.  An extension of *Bivens* to agencies of the federal government is not supported by the logic of *Bivens* itself, and the United States Supreme Court has held that there can be no *Bivens* cause of action  for damages against a federal agency.   *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).  Close consideration of the pleading discloses that no other potential basis for the exercise of this Court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process.  Plaintiff's attention is directed to the important notice on the next page.

May 19, 2011                                                          s/Kevin F. McDonald
Greenville, South Carolina                                 United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Larry W. Propes, Clerk**
> **United States District Court**
> **300 E. Washington Street, Rm. 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).