IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael A. Gaither, #51168-056 ) | |
| Plaintiff, ) | Case No. 6:11-cv-1051-RMG |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| Defendant. ) | |
| ) | |

This matter is before the court in Plaintiffs's *pro se* civil action. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings and a Report and Recommendation. On May 19, 2011, the Magistrate Judge issued a Report recommending that the Complaint be dismissed without prejudice and without issuance and service of process. (Dkt. No. 12). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Plaintiff filed Objections to the Report. As explained herein, this Court conducted a *de novo* review of the Record and agrees with the Magistrate Judge's Report and adopts it as the Order of this Court.

## LAW/ANALYSIS

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the

magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

After reviewing the record of this matter *de novo*, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's Objections, the Court agrees with the conclusions of the Magistrate Judge. Here, Plaintiff brings this action under the Federal Torts Claim Act (FTCA), alleging negligence and claiming that he was a victim of "misrepresentation and deceit." Specifically, Plaintiff contends he is entitled to compensation for personal injury resulting from a negligent classification by the Bureau of Prisons (BOP), which resulted in his transfer from the Federal Correctional Institution in Edgefield, South Carolina to a more secure federal prison farther away from his home. Plaintiff further alleges that this negligent classification was a result of "misrepresentation and deceit" when the supervisor attorney with the BOP and a United States Probation Officer claimed that the purported incorrect entry on Plaintiff's record for escape was, in fact, correct.

While the FTCA authorizes certain causes of actions for injured parties against the United States for damages alleged caused by federal agencies of federal employees, the Plaintiff's claims are precluded under two exceptions of the FTCA. First, 28 U.S.C. § 2680(h) states that the FTCA shall not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, *misrepresentation*, *deceit*, or interference with contract rights. . . ." (Emphasis added). Thus, there is no viable FTCA claim stated when the Plaintiff alleges an intentional tort of "misrepresentation and deceit." Additionally, Plaintiff's negligence claim is without merit because he has failed to allege physical injuries resulting from the purported negligent

classification error. *See* 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States ... for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *Ajaj v. United States*, 479 F. Supp. 22 501, 550 (D.S.C. 2007) (finding that the plaintiff's placement in the Special Housing Unit, standing alone, was not an injury as required to support a claim under the FTCA).

Lastly, even if Plaintiff's allegations were liberally construed as a 42 U.S.C. § 1983/*Bivens* claim[1], the claim would not succeed because Plaintiff has not alleged conduct that violates any of his constitutional rights, and he does not name as a defendant any person who might be liable under *Bivens*. *See Hall v. Clinton*, 235 F.3d 202, 204-205 (4th Cir. 2000). The Complaint fails to name a defendant liable under a §1983/*Bivens* claim because the United States or an agency thereof (such as the BOP) is not liable as a "person" acting "under the color of state law," and thus, not a proper defendant under a §1983/*Bivens* claim. *See* 42 U.S.C. § 1983.

## CONCLUSION

Based on the above, this matter must be dismissed without prejudice and without issuance and service of process. This complaint is dismissed without prejudice as this court is without jurisdiction to consider it.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

---

[1] Section 1983 provides a private civil cause of action based on allegations of federal constitutional violations by any person acting under color of state law. The Supreme Court established an analogous cause of action under the United States Constitution against federal officials who violate federal constitutional rights. *Biven v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).

June  9 , 2011
Charleston, South Carolina